857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Byrd SAUNDERS, Defendant-Appellant.
 No. 88-5511.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 17, 1988.
Decided: Sept. 6, 1988.
 
 Stephen D. Halfhill, Hall, Markle & Sickels, for Appellant.
 Henry E. Hudson, United States Attorney for the Eastern District of Virginia; Sherman Robinson, Special Assistant Attorney, for appellee.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond Byrd Saunders appeals his conviction for introducing and attempting to introduce upon the grounds of a minimum security facility a contraband article, an alcoholic beverage, in violation of Title 22 D.C.Code Sec. 2603 and Title 18 U.S.C. Sec. 2. We find no merit to the issues on appeal, and we affirm.
 
 
 2
 On August 14, 1986, Major A.S. Golden, Chief of Security at Youth Center I, Lorton Reformatory, observed inmate Jerry Gomillion removing a brown bag from Saunders' car parked in the loading dock area of the Minimum Security Facility. Major Golden seized the paper bag which contained three one-half gallons of E & J Brandy. After securing the evidence seized and inmates involved, Major Golden found Saunders, who was exiting the kitchen. Saunders, employed as a physician's assistant at the facility, admitted that the car was his, but claimed that the brandy taken from it had been stolen by Gomillion and some others. However, after Saunders had been given his Miranda rights, he waived those rights and gave a signed statement describing his involvement in bringing alcoholic beverages into the Minimum Security Facility.
 
 
 3
 Saunders contends that his confession was not sufficiently corroborated by independent evidence to support the conviction. The statement contained Saunders' confession as to previous occasions when he had transported alcohol into the facility to deliver it to an inmate therein. Saunders stated that he owed the inmate money and he had brought in the liquor in the past few months as interest payments.
 
 
 4
 Opper v. United States, 348 U.S. 84 (1954), holds that confessions must be corroborated, and requires as corroboration that the government introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. 348 U.S. at 93.
 
 
 5
 The evidence against the defendant provides sufficient corroboration of his confession to warrant its consideration as evidence. Major Golden testified that he observed codefendant Gomillion removing a brown bag from the car that admittedly belonged to Saunders. Inside the bag were the three one-half gallons of brandy. Major Golden further testified that visitors or staff members are prohibited from bringing alcoholic beverages as well as other contraband into the institution and that signs are posted at the entrance gate with these restrictions.
 
 
 6
 We think Major Golden's testimony adequately supports the essential facts of the confession to justify an inference of their truth.
 
 
 7
 Saunders also contends that there was insufficient evidence to prove that an alcoholic beverage was a contraband article under D.C.Code Sec. 22-2603. We disagree.
 
 
 8
 The verdict must be sustained where, taking the view most favorable to the government, it is supported by substantial evidence. Glasser v. United States, 315 U.S. 60, 80 (1942). Major Golden's testimony, as recounted above, shows that neither visitors nor staff could bring alcoholic beverages into the facility. He also testified that the signs posted at the entrance advising of such restrictions were present on the day in question and that there were no exceptions to these prohibitions. The testimony goes further to state that inmates are prohibited from possessing alcohol, as well as anything not issued by the department, as provided by the Lorton Regulation Approval Act of 1982. Major Golden's testimony is sufficient to establish that an alcoholic beverage is a contraband item within the meaning of the statute.
 
 
 9
 Because controlling authority is dispositive of the issues on appeal, we dispense with oral argument and affirm the judgment of conviction based on the record and the briefs.
 
 
 10
 AFFIRMED.